IN RE ESTATE OF PARISH.

(No. 303—Decided October 8, 1958.)

*Mr. William Saxbe,* attorney general, and *Mr. S. Noel Melvin,* for appellant, Department of Taxation of Ohio.

*Mr. George D. Martin,* for appellee, Ft. Wayne Children's Home.

McLAUGHLIN, J. Appellant is the Department of Taxation of the state of Ohio, Division of Inheritance Taxes, hereinafter called the state. Appellee is the Ft. Wayne Children's Home of Ft. Wayne, Indiana, hereinafter called the children's home.

The children's home received a succession under the will of an Ohio decedent, in the value of $9,896.34. The state assessed a tax thereon of $692.74. The children's home filed exceptions, claiming total exemption by virtue of Section 5731.09, Revised Code. After hearing, the exceptions were sustained, total exemption was granted, and the state appealed.

The children's home is a nonprofit Indiana corporation. The lower court found that the succession to it was exempt from Ohio taxation. The pertinent wording of Section 5731.09 provides:

"The succession to any property passing to * * * *institu-*

*tion of learning* or *any public hospital* * * * or to or for the use of *an institution for purposes only of public charity, carried on in whole or in substantial part within this state* * * * shall not be subject to Section 5731.02 of the Revised Code [levy of succession tax]."

The finding of the lower court is to the effect that the children's home is an institution of learning. However, it is claimed that the evidence supports the exemption finding on the theory that the home is a public hospital or an institution for purposes only of public charity carried on in whole or in substantial part within this state.

We are bound to search the record, and, if the judgment in review is right for any reason, it is our duty to affirm it.

Therefore, this appeal presents three questions:

1. Is the children's home an institution of learning?
2. Is it a public hospital?
3. Is it an institution for purposes only of public charity carried on in whole or in substantial part within this state?

It is a cardinal rule that statutory language which exempts from taxation is to be strictly construed against exemption.

1. Is the children's home an institution of learning? We have been cited to two other cases decided by Probate Courts of Ohio which have answered this question affirmatively. However, no reasons are given for their conclusions, and they are not of much assistance here. (Case No. 471611 in the Probate Court of Cuyahoga County and Case No. 24111 in the Probate Court of Darke County.) Neither of those cases was appealed. The exact question presented in this review has never been decided in Ohio.

The record shows that the children's home provides no formal education. The children attend public school in Indiana. The home has no teaching staff and no classrooms, and the children, while in the home, are not necessarily students. It is contended that the children's home teaches a wide variety of practical arts and crafts. A scrutiny of the evidence revealed by the record indicates that the learning obtained in the children's home is no more than that which is ordinarily obtained in any private home. To be sure, the children help out with the work of maintaining the home itself.

There is nothing in the record which distinguishes the children's home from any other; it is essentially a refuge and home for needy children and is essentially engaged in an activity, the main purpose of which is to provide a home for homeless children.

A definition of an institution of learning, as contemplated by this exemption statute, is found as follows in paragraph four of the syllabus in the case of *In re Estate of Taylor*, 139 Ohio St., 417, 40 N. E. (2d), 936:

"To secure the exemption from inheritance taxes provided in Section 5334, General Code, a party claiming to be an institution of learning within another state must prove that it is composed of learned persons associated together for the purpose of instructing others in some of the accumulated knowledge, skill or wisdom of mankind. An institution of learning embraces the idea of capable persons in a position to impart knowledge and skill to others who are in a position to learn same."

We can not conscientiously say that the children's home is an institution of learning.

2. Is the children's home a public hospital? The evidence discloses that it contains a dispensary and a room for hospitalization with provision for four rooms which would comprise an isolation ward, if needed, and has a physician subject to 24-hour call. Does this make it a public hospital, within the purview of this exemption statute?

A public hospital is essentially and primarily a place that is wholly appropriated to the reception and treatment of persons sick or infirm in body or mind. The arrangements disclosed by the evidence here do not, in our opinion, make a hospital out of the children's home.

3. Is the children's home an institution for purposes only of public charity carried on in whole or in substantial part within this state? It is virtually conceded that, if the children's home was located within the geographical limits of the state of Ohio, a finding that it was an institution for purposes only of public charity would be justified and probably would be further fortified by Judge Taft's opinion in *In re Estate of Seaman*, 166 Ohio St., 51, 139 N. E. (2d), 17. However, the most difficult

phrase to interpret in this particular part of the statute is, ''carried on in whole or in substantial part within this state.''

The record discloses that 36 per cent of the children who are being cared for in the home are from Ohio, and it discloses further that six of these Ohio children were committed there from Ohio county departments of public welfare, and the record bears out the facts that the entire cost of the care of these Ohio children in 1956 was some $32,882.85, and that the home received in reimbursement for the care of these children only $3,180. Thus, it can be contended that the services rendered by the home to Ohio children relieved the taxpayers of Ohio of the burden of supporting Ohio needy children to the extent of approximately $29,000 a year. It is also borne out by the record that three of the trustees of the home are residents of Ohio, and that the home is maintained in great part from voluntary contributions by the church organization sponsoring the home.

However, we recall essentially our definition of a children's home, as stated above. We repeat, such a home is essentially a refuge and home for needy children and essentially engaged in an activity, the main purpose of which is to provide a home for homeless children.

No physical property of the children's home here is located within this state, and no part of the great work of this institution is *carried on* within this state. The great work, the real objective and the real excuse for the existence of this institution are the furnishing of a home for needy children, and that great work is *carried on* entirely outside this state and within the territorial limits of the state of Indiana. See *Clarke* v. *Union Trust Co. of District of Columbia*, 192 Md., 127, 63 A. (2d), 635.

Again, we can not conscientiously hold that the children's home is an institution for purposes only of public charity carried on in whole or in substantial part within this state.

We submit that, applying the rule of strict construction against exemption, it can not fairly or reasonably be said that the succession here is to an institution of learning, a public hospital or an institution for purposes only of public charity carried on in whole or in substantial part within this state. If we conscientiously could, we would be happy to relieve this beneficent institution from the payment of the Ohio succession tax.

However, the problem that confronts us here is entirely one of law, and we must exclude equity and sentimentality from our consideration thereof.

The judgment of the lower court is, therefore, reversed.

*Judgment reversed.*

McClintock, P. J., and Putnam, J., concur.